# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ANTHONY L. COOPER,**

    **Plaintiff,**

**vs.**                                     **Case No. 4:16cv618-WS/CAS**

**RICK SCOTT,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case on October 5, 2016, in the United States District Court, Middle District of Florida. The case was opened there as case number 3:16cv01268, and transferred to this Court on October 6, 2016. ECF Nos. 2-3.

An Order was entered on October 11, 2016, requiring Plaintiff to do three things. ECF No. 4. First, Plaintiff was required to explain the basis for his detention at the Florida State Hospital so it could be determined whether or not he was a "prisoner" as defined by 28 U.S.C. § 1915(g). Second, Plaintiff was required to either pay the filing fee for this case or file an appropriate in forma pauperis motion. Third, Plaintiff was required to

file a complaint stating the facts of his case and providing a basis for a claim against the persons named as Defendants because his case initiating document was styled as an emergency motion for an injunction. *Id.* In addition, if Plaintiff believed his life was in danger, he was advised that he could submit a motion for an injunction, but he must provide specific facts showing how a particular person has caused or threatened him with harm. *Id.* Plaintiff was to comply by November 7, 2016.

As of this date, Plaintiff has not complied. Plaintiff has neither paid the fee nor filed an in forma pauperis motion. It is likely that Plaintiff did not submit an in forma pauperis motion because it is now clear that Plaintiff is a "prisoner" with three strikes under 28 U.S.C. § 1915(g). Judicial notice is taken of Plaintiff's status at the Florida State Hospital through court records. Prior to transfer of this case, Plaintiff filed a multitude of cases in the Middle District of Florida. In one such case, Plaintiff confirmed that he had been transferred from the Duval County Jail to the Florida State Hospital. Cooper v. Peoples, Case No. 3:16-cv-876-MMH-MCR, ECF No. 2. Plaintiff Anthony Cooper was charged with committing grand theft in two cases in Duval County, Florida. *See* State v. Cooper, Duval County Circuit

Court Case Nos. 16-CF-587 and 590 (identifying criminal defendant as Anthony Leonardo Cooper, offender number 2016-001598). In an order dated May 20, 2016, Duval County Circuit Judge Steven B. Whittington declared Plaintiff incompetent to proceed due to mental illness and committed Plaintiff to the Department of Children and Families to be placed in a mental health treatment facility. Thus, Plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h) (defining a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.").

Plaintiff also did not comply with the Order requiring him to file a complaint. It is apparent that Plaintiff has abandoned this litigation in favor of initiating other cases.[1] Moreover, Plaintiff did not respond to the prior

---

[1] In October 2016, Plaintiff initiated the following cases: case # 4:16-cv-00611-MW-CAS on 10/04/16; case # 4:16-cv-00617-WS-GRJ on10/06/16; case # 4:16-cv-00618-WS-CAS on 10/06/16; case # 4:16-cv-00640-WS-GRJ on 10/13/16; case # 4:16-cv-00645-WS-CAS on 10/17/16; case # 4:16-cv-00647-MW-CAS on 10/27/16; case # 4:16-cv-00648-MW-CAS on 10/17/16; case # 4:16-cv-00649-WS-CAS on 10/25/16; case # 4:16-cv-00650-MW-CAS on 10/17/16; case # 4:16-cv-00651-WS-CAS on 10/17/16; and case # 4:16-cv-00656-WS-CAS on 10/26/16. In November 2016, Plaintiff has already initiated these cases: case # 4:16-cv-00696-MW-CAS and case # 4:16-cv-00558-WS/GRJ, both filed on 11/03/16.

Case No. 4:16cv618-WS/CAS

Order by explaining how or why he is in danger of imminent harm. Plaintiff has demonstrated a propensity to engage in recreational litigation rather than pursue a legitimate claim to rectify a constitutional violation.

Plaintiff was specifically warned that if he failed to comply, it would result in a recommendation of dismissal. This case should be dismissed.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for Plaintiff's failure to comply with a Court Order and prosecute his case.

**IN CHAMBERS** at Tallahassee, Florida, on November 17, 2016.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**